"Gentlemen of the jury, one of your number will sign the verdict as foreman, and return it into court.

"Gentlemen, I didn't give you the form of your verdict. Gentlemen, the form of your verdict would be: 'We, the jury, find for the defendant on its plea in abatement,' if you believe the evidence in this case."

No exception was reserved to the above oral charge by the plaintiff below, appellant here.

In the absence of an exception to the trial court's oral charge an appellate court, in this jurisdiction, cannot consider the correctness or propriety of such oral charge. (See 2 Ala.Dig., Appeal and Error, ⚖263(1) for innumerable cases establishing the above doctrine.)

It is our conclusion therefore that no requested written charges appearing in the record, and no exception being reserved to the court's oral charge, and the only point raised in appellant's brief pertains to such charges, that an affirmance of this cause is dictated. It is so ordered.

Affirmed.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for State.

BRICKEN, Presiding Judge.

The trial in this case was had before the court without a jury. The charge, by affidavit and complaint, was that the defendant carried a pistol concealed about his person.

The case in the court below, and here, presents a mere question of fact. Upon the trial the defendant admitted having a pistol in his possession at the time and place in question, but insisted it was not concealed as the complaint charged. The Chief Deputy Sheriff of the county and two Law Enforcement Officers, who accompanied him, all three testified that the defendant carried the pistol concealed about his person, as charged.

Upon the strength of said evidence the court properly found the defendant guilty and pronounced and entered judgment of conviction accordingly. This action of the trial court is affirmed. A few exceptions were reserved to the rulings of the court upon the admission of the evidence, but these exceptions are so clearly without merit, a discussion thereof is unnecessary.

Affirmed.

34 So.2d 712

**BROGDEN v. STATE.**

4 Div. 46.

Court of Appeals of Alabama.

April 6, 1948.

E. O. Baldwin and A. R. Powell, of Andalusia, for appellant.

34 So.2d 707

**DUKES v. STATE.**

4 Div. 47.

Court of Appeals of Alabama.

April 6, 1948.

